# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2008

Charles R. Fulbruge III
Clerk

No. 07-50619
Summary Calendar

JERRY A. GARZES,

Plaintiff-Appellee,

v.

MANUEL R. LOPEZ; CONNIE PRADO,

Defendants-Appellants.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:02-CV-1131

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellees Manuel R. Lopez and Connie Prado ("Defendants") appeal the district court's denial of their motion for summary judgment on Plaintiff-Appellant Jerry A. Garzes's § 1983 First Amendment retaliation and conspiracy claims. Concluding that Garzes lacks standing to pursue his asserted claims, we vacate the district court's denial of the motion for summary judgment and remand with instructions to dismiss.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Prior to June 2002, the South San Antonio Independent School District ("District") had a contract with Agapito Flores and his company, Alamo Insurance Group, Inc. ("Alamo"), to provide insurance services to employees of the District. Plaintiff Jerry Garzes is a licensed independent insurance agent in San Antonio, Texas, who was authorized to sell insurance on behalf of Flores and Alamo. Garzes was not an employee of the District and had no direct contractual relationship with the District. Nonetheless, as a result of his affiliation with Alamo he derived significant income from commissions based on his sales to District employees. On June 11, 2002, after the newly-elected Board of Trustees took office, they convened a special meeting of the Board. At that meeting, a majority of the Board voted to terminate the District's then-existing contract with Alamo and Flores. In place of Alamo, the Board chose Bernard Donegan Insurance Agency as its new agent.

On November 27, 2002, Garzes filed this lawsuit, alleging that Defendants prompted the Board of Trustees to take these actions in order to punish Garzes for supporting rival candidates in previous Board elections.[1] He contended that the termination of the District's contract with Alamo caused him to lose a significant amount of potential commissions. Garzes argued that he is entitled to damages because the Board's action of June 11, 2002, amounted to an adverse governmental action directed against him in retaliation for his exercise of protected First Amendment Rights.

Defendants filed a motion for summary judgment on the basis of qualified immunity, which the district court denied. Defendants then filed this interlocutory appeal.

---

[1] Garzes also sued the District and two other individual trustees. The District Court granted summary judgment to these defendants and dismissed the claims against them. Garzes has not appealed that decision.

II.

Although Defendants did not clearly challenge Garzes's standing to assert a First Amendment retaliation claim based on the District's termination of the Alamo contract, this Court must raise any perceived jurisdictional issue sua sponte. See Henderson v. Stalder, 287 F.3d 374, 379 n.5 (5th Cir. 2002). Our review of this appeal raised the question of whether Garzes's injury from the contract termination was sufficiently direct to confer standing and we requested the parties to submit supplemental briefing regarding this issue.

Standing, at its "irreducible constitutional minimum," requires plaintiffs "to demonstrate: they have suffered an 'injury in fact;' the injury is 'fairly traceable' to the defendant's actions; and the injury will 'likely . . . be redressed by a favorable decision." Public Citizen, Inc. v. Bomer, 274 F.3d 212, 217 (5th Cir. 2001) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61(1992)). "An injury in fact [is] an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560.

Generally, courts refuse to recognize standing based on economic harm that is merely a consequence of an injury suffered by another party. For example, corporate shareholders, officers, and employees may not pursue personal claims that are based on alleged misconduct towards the corporation unless they are able to show some "direct" harm to themselves. See, e.g., Pagan v. Calderon, 448 F.3d 16, 28-30 (1st Cir. 2006). Recently, in an unpublished decision, we relied on this principle in concluding that an employee of an independent contractor lacked standing to bring a § 1983 First Amendment retaliation suit against a municipality based on the termination of the contract between the municipality and the independent contractor. See Duran v. City of Corpus Christi, 240 F. App'x. 639 (5th Cir. 2007).

The facts of Duran are strikingly similar to the present case. In that case, Entrust had a contract to provide third-party claims administration in connection with the city's health insurance program. 240 Fed. Appx. at 640. Under a separate agreement with Entrust, the plaintiff Duran served as a "coordinator" to resolve all problems arising under Entrust's contract with the city. During the course of the contract, a dispute arose over the payment of a certain claim and Duran contacted the local newspaper regarding the dispute. Id. At the expiration of the Entrust contract, the city did not renew the contract with Entrust, and Duran filed a § 1983 suit alleging that the city decided not to renew Entrust's contract because of his protected speech. Id. This Court concluded that Duran lacked standing to assert a First Amendment retaliation claim based on the city's nonrenewal of the Entrust contract. Id. at 641. The Court noted that only Entrust had a contractual relationship with the city; Duran's contract was with Entrust, not the city. Thus, "his putative injury (potential loss of future fee payments from Entrust if the Contract had been renewed) is at best only derivative of Entrust's putative injury from nonrenewal of the Contract." Id. at 642. The Court found it irrelevant that it was allegedly Duran's conduct that had precipitated the nonrenewal of the contract because "when a government actor discriminates against a corporation based on a protected trait of a corporate agent, it is the corporation – and only the corporation – that has standing to seek redress." Id. at 643 (citing Pagan v. Calderon, 448 F.3d 16, 30 (1st Cir. 2006).

Although Duran is non-precedential, the factual and legal similarities between that case and the present case render it persuasive. Garzes, in his supplemental brief, conclusorily deems the case distinguishable, but provides no legal analysis explaining why this is so. Garzes asserts that here, in contrast to Duran, the retaliatory action was directed at Garzes because "he was directly replaced as the employee disability service agent." In support of this contention,

Garzes directs the Court to two documents contained in the record: (1) a letter from the Superintendent stating that the Bernard Donegan Insurance Agency is now the Agent of Record on the disability insurance policy; and, (2) the minutes from the June 11, 2002 Board meeting. Neither document references Garzes, and the minutes from the Board meeting show only that the Board terminated the contract with Flores and Alamo Insurance Group.

On the other hand, Defendants point out that, just like in Duran, Garzes has failed to establish that he had any employment relationship with the District. Instead, Garzes's only contractual relationship was with Flores and Alamo Insurance Group. Therefore, Defendants argue, Garzes's claims are "at best" derivative from Flores and Alamo's injury and were no more than putative injuries, depriving Garzes of standing.

We agree with Defendants that any injury suffered by Garzes is insufficiently direct to confer standing. The reasoning put forth by the panel in Duran applies equally to bar Garzes's standing. Here, as in Duran, "only the corporation . . . has standing to seek redress," 240 Fed. App'x at 643 (citing Pagan, 48 F.3d at 30), and Garzes does not have standing to bring a First Amendment retaliation or conspiracy claim against the District based on its termination of the Alamo contract.

### III.

For the reasons set forth above, Garzes lacks standing to maintain this action. We therefore VACATE the district court's denial of Defendants' motion for summary judgment and REMAND with instructions to the district court to dismiss this action.